## Lee Railsback v. The State.

### No. 7089.     Decided April 18, 1923.

#### 1.—Selling Intoxicating Liquor—Examination of Witness.

Where it did not appear from the bill of exceptions, that the court interfered with counsel in his effort to secure an answer from the witness but permitted him to go on with examination, there was no reversible error.

**2.—Same—Remarks by Court—Practice in Trial Court.**

Where the further recital in the bill of exceptions that the remark of the court was a comment upon the weight of the testimony and calculated to mislead and prejudiced the jury was qualified by the statement of the court that it was withdrawn from the jury, there is no reversible error.

**3.—Same—Practice in Trial Court—Examination of Witness.**

After counsel for defendant had repeatedly undertaken to get from the witness an answer to his question, the court interposed in his behalf and himself directed pertinent questions to the witness seeking to elicit the information which counsel had failed to get, there is no reversible error.

**4.—Same—Accomplice—Requested Charge.**

Where the trial judge at defendant's request instructed the jury that certain State's witnesses were accomplices, and that conviction could not be had unless their testimony was corroborated by other evidence, of which defendant received the benefit, he could not complain.

Appeal from the District Court of Jones.   Tried below before the Hon. W. R. Chapman.

Appeal from a conviction of selling intoxicating liquor; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for the unlawful sale of intoxicating liquor with punishment of three years confinement in the penitentiary assessed.

L. E. Holt, a negro, the alleged purchaser, was an employe of J. K. Brady who was running a lumber lard in the city of Stamford. Holt testified that on the day of the alleged sale appellant approached him in front of the lumber and asked if he wanted to buy some good whisky; that witness at the time told him he had only three dollars in his pocket; that appellant told him he would let him have a half a gallon for ten dollars; that he told appellant he was going to get some money and that if he would come back about one o'clock he would take the half gallon; that he got from Mr. Brady fifteen dollars, and at the appointed time saw appellant approaching; that he (witness) went into the basement where appellant followed him, took out of a hand bag a half gallon jug of whisky and delivered it to witness for which witness gave him two five dollar bills; that as witness was taking a drink two officers, Sanders and Ladd, arrested appellant, took the money from him and the whisky from witness; that appellant said to witness, "Old boy, there is a day coming for you; I will get you when I get turned loose." Sanders, the city

marshall of Stamford, testified that his presence in the basement of the lumber yard was caused by a telephone message from Mr. Brady; that after receiving this telephone call he got Mr. Ladd who was constable, and the two concealed themselves in the basement of the lumber yard and saw the transaction testified to by Holt. Appellant testified that he did not sell Holt any whisky, but at Holt's request went into the basement for the purpose of giving him a drink; that just as Holt was taking a drink the officers drew a pistol on appellant, arrested him and took the whisky. He denied that the officers took the ten dollars from him, but claims they made complaint at Holt about him bungling about the ten dollars, and asserted they found the money on the floor where Holt had thrown it. He denied having received any money from Holt at all. The testimony of Sanders and Ladd is directly to the contrary. They both testified that they saw Holt receive the whisky, and saw him deliver to appellant the two five dollar bills; that at the time Sanders commanded appellant to put up his hands he (appellant) dropped one of the bills which was picked up from the floor and the other was taken out of his hand by the officer.

There are only two bills of exception in the record. They relate to the same matter. While Holt was testifying he was asked by appellant's counsel the following question:

"I will ask you to state to the jury if it is not a fact that you told me in the presence of another person this morning in the courthouse here that you got the two five dollar bills that you claim to have paid for the whisky from Mr. Sanders. Answer yes or no."

The bill recites that after Holt repeatedly refused to answer the question appellant's attorney said to the court, "We insist on an answer to that question." Whereupon the court stated in the presence of the jury: "I think he has answered the question the best he understands it." Appellant's attorney then remarked, "We think we are entitled to the answer, 'Yes or no' to that question;" whereupon the court stated before the jury, "All right, if you can get him to answer it, go ahead." It does not appear from the bill that the court interfered with counsel in his effort to secure an answer, but permitted him to go on with the examination. The further recital in the bill that the remark of the court was a comment upon the weight of the testimony and calculated to mislead and prejudice the jury is qualified by the statement that the only objection made was that, "We object to the remark of the court," whereupon the court instructed the jury not to consider anything the court might have said and afterwards required the witness to answer the question. The other bill recites that after Holt had repeatedly refused to answer the question propounded to him the court took charge of the witness and said, "I think we can get it. Did you talk with this man (referring to the attorney) out here in an office today? While you were

in there talking did he ask you if you got the two five dollar bills from Mr. Sanders? and the witness answered: "He asked me did I get the money from Mr. Sanders and didn't we frame up on this man." "Q. What did you answer him about it?" "A. I told him no, sir." Attorney for appellant then asked: "You mean you told him no to the frame up or to the five dollar bills?" Whereupon the court remarked in the presence of the jury: "I think he has answered it all right, go ahead with something else."

The bill states that the proceedings and remarks of the court were objected to because the court failed to permit an answer to the question propounded by appellant's attorney, and because of the remark of the court,

"I think he has answered it," was a comment upon the weight of the testimony, and was calculated to prejudice the jury against appellant. The court qualified the bill by stating. "The court did not ask the question mentiond in this bill until after defendant's counsel had asked practically the same question eight times without getting an answer from the witness."

We do not believe the action of the court is subject to criticism. After counsel for appellant had repeatedly undertaken to get from the witness an answer to his question the court seems to have interposed in his behalf and himself directed pertinent questions to the witness seeking to elicit the information which counsel had failed to get. There might be some basis for appellant's contention if when he sought to follow up the predicate the court had declined to permit him to do so on the ground that no proper predicate had been laid, but no such conduct on the part of the court occurred. We find from the statement of facts that appellant called as a witness the party who claimed to have been present at the alleged conversation between Holt and appellant's attorney, and who testified without objection that Holt did tell said attorney that he got the money in question from Sanders. In so far as the matter affected Holt's credibility appellant was deprived of no right whatever. We do not think the statement of the court subject to the construction that it was a comment upon the weight of the evidence.

Holt testified positively that he did not receive the ten dollars from Sanders but that he received it from Mr. Brady, his employer. Sanders was also positive in his statement that he did not furnish Holt wiht the money with which the whisky was purchased. The learned trial judge at appellant's request instructed the jury that Holt and Sanders were accomplices, and that conviction could not be had unless their testimony was corroborated by other evidence. We are not called upon to discuss whether it was necessary for the court to give this charge. He did give it and appellant received the benefit of

it. We are of opinion he is not in a position to complain at any action of the court incident to the trial.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*